UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEDIRA KEITT, | ) | Civil Action No. 4:22-cv-00115-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration , | ) | |
| | ) | |
| Defendant. | ) | |

On June 17, 2022, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and that the position taken by the Commissioner, in this action was not substantially justified. (ECF No. 18). On July 1, 2022, the Commissioner responded stating that the Commissioner did not oppose the payment of attorney fees in the amount of $3,927.32. The Commissioner requests the Court to direct that attorney's fees be paid directly to Plaintiff. (ECF No. 19).

Upon review of the material submitted to the court and finding the fees to be reasonable, the Plaintiff's Motion for Attorney's Fees (ECF No. 18) is granted as outlined herein. The Commissioner shall pay the Plaintiff attorney's fees in amount of $3,927.32. Payment of the fees noted herein shall constitute a complete release from and bar to any and all claims plaintiff may have relating to EAJA fees in connection with this action. This award is without prejudice to the right of Plaintiff to seek attorney fees under Section 406(b) of the Social Security Act, subject to the offset provisions of the EAJA.

Pursuant to *Astrue v. Ratliff,* 560 U.S. 586, 596-98 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. §

3716(c)(3)(B) (2006). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees, if any after offset, will be paid by a check made out to Plaintiff but delivered to the business address of Plaintiff's attorney.

**IT IS SO ORDERED.**

July 8, 2022  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge